[No. 5958.   Decided March 8, 1906.]

CHILKAT GOLD & COPPER MINING COMPANY, *Respondent,*
v. W. N. Fos *et al., Appellants.*[1]

CORPORATIONS—STOCKHOLDERS—SALES AND TRANSFERS UNDER MIS-
REPRESENTATIONS—RIGHTS OF COMPANY.   Where certain shares of
treasury stock in a mining corporation were issued in payment of
services rendered and to be rendered in promoting and advertising
the company, and the contract is thereafter fully performed by the
stockholder, the stock is his property, and the fact that he sells the
same under misrepresentations to the effect that the same is treas-
ury stock and that the proceeds are to be used in the development
of the mine, does not render him liable to account to the corporation
as for sales of treasury stock belonging to the company or other-
wise, since the misrepresentations did not concern the company or
anyone except the vendees.

Appeal from a judgment of the superior court for King
county, Bell., J., entered October 11, 1904, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action against a stockholder to
recover the proceeds of the sales of stock.   Reversed.

*Will H. Thompson,* for appellants.

*Blaine, Tucker & Hyland,* for respondent.

HADLEY, J.—The only question involved in this appeal is
whether the conclusions of law and decree entered by the trial
court properly follow from the facts as found.   There is no
statement of facts here, and the findings of facts, not being
challenged, must be accepted as the facts in the case.   We
deem it unnecessary to make a formal statement of the issues,
but will state the essential facts as the court found them, and
then examine the conclusions of law and decree in the light
of the facts found.

The facts are as follows:   The plaintiff is a Washington
corporation, and the defendants W. N. Fos and Charlotte M.

1Reported in 84 Pac. 827.

Fos are husband and wife. On the 14th day of April, 1903, at a regular meeting of the board of directors of the plaintiff corporation, the following resolution was passed by said board, and duly entered in the minutes of said meeting:

"Moved by J. H. DeBlondeau and seconded by Wilmon Tucker, that fifty thousand (50,000) shares of treasury stock be voted and the same is hereby voted to W. N. Fos for past services, and services in the future which he is to give toward financing the Chilkat Gold & Copper Mining Company and helping to place it in good business condition. It is expected that such financing will be accomplished on or before six months from this date. Carried unanimously, Messrs. Covert and DeBlondeau and Tucker, voting in favor of the same.

"Endorsed: This contract is hereby accepted. W. N. Fos."

Thereafter, on the same day, said fifty thousand shares of stock named in said resolution were issued to said W. N. Fos, and he, on the same day, duly assigned the certificate therefor to the said Charlotte M. Fos. Pursuant to said resolution, so accepted, the said W. N. Fos proceeded to carry out the agreement and purpose of the resolution, by preparing and publishing advertisements setting forth the advantages to investors to invest in said company. He aided and assisted in promoting and financing the company, and carried out upon his part the terms and conditions of said resolution and acceptance. Said W. N. Fos, acting as the agent of Charlotte M. Fos, caused said certificate for fifty thousand shares to be, from time to time, subdivided into other certificates, issued in blank, and placed the same in the hands of one Mrs. Kerwood, as an agent for the sale of the certificates, representing to her that the stock was treasury stock of the company, that she should sell the same at fifteen cents per share, and should receive as her commission twenty-five per cent of all sums received upon such sales, informing her that such moneys were to go into the treasury of the company for the purpose of developing the mines. Mrs. Kerwood so

received the certificates in blank, understood that they were certificates of the treasury stock of the company, and proceeded to sell them with the representation that they were such. From such sales there was returned to the said Foses, over and above commissions, the aggregate sum of $3,717.50, which amount they retained, and refused to deliver it to the treasury of the company. Thirty-three thousand of the fifty thousand shares are so sold, and there remain in the hands of Charlotte M. Fos seventeen thousand of such shares.

From the foregoing facts, the court entered as conclusions of law that the sale of the shares by Mrs. Kerwood, as agent, under the representation that the stock was treasury stock of the company, was such sale as now estops the Foses from claiming the proceeds thereof, and entitles the plaintiff to have the proceeds paid into its treasury. Furthermore, that if the Foses shall pay into the registry of the court, within ten days, the sum of $3,717.50, they shall be entitled to retain all of the stock now held by them, and the company shall issue to them, or their order, an amount of stock sufficient to make their total holdings from the treasury of the company fifty thousand shares; that in the event they shall not pay such sum into the registry of the court, then the plaintiff shall be entitled to surrender of the seventeen thousand shares of stock held by the defendants, and the same shall be returned to the treasury and cancelled. It is also found that plaintiff shall have judgment for said sum of $3,717.50. A decree in accordance with the above conclusions of law was entered, and the defendants have appealed.

We are unable to harmonize the conclusions of law with the facts as found. The facts show that the respondent company agreed to issue to appellant W. N. Fos the fifty thousand shares of treasury stock, in consideration for services already rendered, and for others to be thereafter rendered. It is also shown that he fully performed his agreement, which was the full consideration for the shares. The shares were issued by

the company to Fos, and the latter paid the agreed price. The stock, therefore, became his absolute property, and the respondent had no further ownership in it. Fos or his assignee had the right to sell it in the open market for whatever price it would bring. It is true, the court finds that there was a misrepresentation to the effect that this was still treasury stock, and that the proceeds of its sale would go into the treasury for use in developing the mines. Such a misrepresentation does not, however, concern the respondent. The thing sold belonged to appellants and not to respondent, and the latter can therefore have nothing to say about any negotiations or representations that may have led to the sale. Respondent once received from appellants its price for this property, and it must now stand aside and let them sell it to whom they please and upon their own terms. If they mislead their vendees, it is for the latter to object and not for respondent. No vendee or purchaser from appellants is here objecting to any statements or representations that have been made. So far as this record is concerned, they are satisfied. Upon the facts found, we think the conclusions of law and decree were clearly erroneous, and that respondent was not entitled to any relief.

The judgment is reversed, and the cause remanded, with instructions to vacate the judgment and decree, and dismiss the action.

MOUNT, C. J., FULLERTON, RUDKIN, CROW, ROOT, and DUNBAR, JJ., concur.